Alfonso A. **WALDRON, Jr.**, Petitioner

v.

**DEPARTMENT OF HOMELAND SECURITY**, Respondent.

No. 2009–3033.

United States Court of Appeals, Federal Circuit.

Dec. 2, 2008.

Alfonso A. Waldron, Jr., Florissant, MO, pro se.

Lauren S. Moore, Department of Justice, Washington, DC, for Respondent.

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The court treats Alfonso A. Waldron, Jr.'s correspondence concerning the timeliness of his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely.

On August 1, 2008, the Merit Systems Protection Board issued a final decision in *Waldron v. Department of Homeland Security*, No. SF–0752–08–0081–I–1, 109 M.S.P.R. 699, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The court received Waldron's petition for review on October 1, 2008.

Waldron asserts that he did not receive the Board's final decision until August 3, 2008. However, the Board's records reflect that Waldron was registered as an e-filer. Pursuant to the Board's regulations, e-filers are deemed to receive a decision on the date it is served via electronic mail ("MSPB documents served electronically on registered e-filers are deemed received on the date of electronic submission." 5 CFR § 1201.14(m)(2)). Thus, Waldron is deemed to have received the Board's decision on August 1, 2008. Waldron's petition for review seeking review of the Board's decision was received by the court 61 days later, on October 1, 2008.

A petition for review of a Board decision must be filed within 60 days of receipt of the decision. *See* 5 U.S.C. § 7703(b)(1). The 60–day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transp.*, 735 F.2d 1335, 1336 (Fed.Cir.1984); *see also Oja v. Department of the Army*, 405 F.3d 1349, 1360 (Fed.Cir.2005) ("[c]ompliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction"). Because Waldron's petition for review was received on October 1, one day late, this court must dismiss Waldron's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.